UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB JAMES NANCE,

    Petitioner,

v.

    CASE NO. 2:06-CV-14523
    JUDGE VICTORIA A. ROBERTS
    MAGISTRATE JUDGE PAUL J. KOMIVES

JOHN BOYNTON,

    Respondent.
_____/

# REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY (docket #31)

I.    RECOMMENDATION: The Court should deny petitioner's motion for a certificate of appealability (docket #31).

II.    REPORT:

A.    *Procedural Background*

Petitioner Jacob James Nance is a state prisoner currently confined at Straits Correctional Facility in Kincheloe, Michigan. On October 16, 2006, petitioner filed an application for the writ of habeas corpus, challenging his 2004 state court conviction for involuntary manslaughter. On July 15, 2008, I filed a Report recommending that the Court deny the petition. Specifically, I recommended that the Court conclude that each of petitioner's claims was without merit. On September 24, 2008, the Court entered an order accepting my recommendation. On October 23, 2008, petitioner filed a notice of appeal as a well as a motion for a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), petitioner may appeal only if he is first granted a certificate of

appealability. For the reasons that follow, the Court should deny the certificate.

B.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)). Accordingly, with respect to each issue, the Court must "either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1).

C.     *Analysis*

2

1. *Prosecutorial Misconduct Claims*

In his application, petitioner first raised two prosecutorial misconduct claims. First, he argued that the prosecutor committed misconduct by eliciting from a witness the witness's prior inconsistent statements and then using those inconsistent statements as substantive evidence of guilt during closing argument. The Court's resolution of this issue was not debatable among reasonable jurists. As explained in my Report, "[i]t is 'a basic rule of evidence [that] prior inconsistent statements may be used to impeach the credibility of a witness,'" and therefore "[t]here was nothing improper . . . in the prosecutor's attempt to impeach Blevins with the prior statement he [Blevins] had given to the prosecutor and police." R&R, at 11 (quoting *United States v. Hale*, 422 U.S. 171, 176 (1975)). Further, as noted in the R&R, while the prosecutor initially sought to lay a foundation for the impeachment of Blevins with his prior inconsistent statement, he did not in fact do so. Rather, as both transcript establishes and the Michigan Court of Appeals found, once Blevins denied making the statements, the prosecutor's questions evolved away from what Blevins had told the police about whether or not petitioner was angry, to whether petitioner was in fact angry. Thus, Blevins's testimony regarding petitioner's state of mind was not extrinsic impeachment evidence, but was direct evidence provided by Blevins himself at trial. *See* R&R, at 11-12. It is therefore not debatable that the prosecutor was free to argue this evidence as substantive evidence of guilt.

Petitioner's second prosecutorial misconduct claim argued that the prosecutor argued facts not in evidence by suggesting that Chris Heath testified that petitioner had threatened to "kick [the victim's] ass." As explained in my Report, however, it is unclear from the context whether the prosecutor was describing the testimony of Heath or Steven Ball, the latter of whom did testify that petitioner had made the statement. Even if there was a mischaracterization of Heath's testimony,

in light of Ball's testimony the Court's conclusion that petitioner cannot establish prejudice is not debatable among reasonable jurists. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability with respect to his prosecutorial misconduct claims.

    2.    *Ineffective Assistance of Counsel*

In his second claim, petitioner argued that his counsel provided constitutionally deficient assistance by (1) opening the door to questioning concerning his prior conviction; (2) failing to request a limiting instruction on the use of prior inconsistent statements; and (3) failing to object to the scoring of Offense Variable 3 at sentencing.

As explained in my Report, there was no question that petitioner's prior conviction for making a false statement on a driver's license application was admissible under Rule 609(a)(1), and indeed the parties stipulated to that fact. *See* R&R, at 15. "This being the case, petitioner cannot show any additional prejudice arising from the details of the conviction, as opposed to the fact of the conviction." *Id*. As I explained, the details of the prior conviction were wholly unrelated to the charged crime, and tended if anything to paint petitioner in a better light by showing that the reason for his conviction was his desire to remain gainfully employed. *See id*. In light of both the nature of the testimony and the fact that the jury was explicitly instructed that it could not use this evidence as substantive evidence of guilt, the Court's conclusion that petitioner cannot establish prejudice from his counsel's performance with respect to the prior conviction is not debatable among reasonable jurists.

Petitioner also claimed that counsel was ineffective for failing to request a limiting instruction with respect to Blevins's prior inconsistent statement. However, Blevins was not in fact impeached with any extrinsic evidence of his prior statement, Blevins testified as a substantive

4

matter that petitioner was angry, and there was abundant other evidence in the record to support that petitioner was angry and that he had threatened to "kick [the victim's] ass." *See* R&R, at 16. In light of this evidence at trial, the court's conclusion that "there is not a reasonable probability that the result of the proceeding would have been different if a specific instruction on prior inconsistent statements was given to the jury," R&R, at 16-17, is not debatable among reasonable jurists.

Finally, the Court's resolution of petitioner's claim that counsel was ineffective for failing to object to the scoring of Offense Variable 3 is not debatable among reasonable jurists. It is clear that (a) the Michigan Court of Appeals determined that OV3 was scored correctly as a matter of state law, *see People v. Nance*, No. 257266, 2005 WL 3500880, at *7 (Mich. Ct. App. Dec. 22, 2005), (b) "[i]n analyzing petitioner's ineffective assistance of counsel claim, this expression of state law is binding on this Court," R&R, at 17 (citing *Basile v. Bowersox*, 125 F. Supp. 2d 930, 960 (E.D. Mo. 1999)), and (c) "[c]ounsel cannot be deemed ineffective for failing to raise a meritless objection," R&R, at 17 (citing *Bradley v. Birkett*, 192 Fed. Appx. 468, 475 (6th Cir. 2006)). In light of these three well established factors, the Court's resolution of this claim was not debatable among reasonable jurists. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability with respect to his ineffective assistance of counsel claims.

3. *Sentencing*

Finally, in his third claim petitioner argued that the Court erred in the scoring of Offense Variable 3. However, it is not debatable that such a challenge to the trial court's scoring of the state sentencing guidelines raises a state law claim not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.). *See generally*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t

is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Likewise, the Court's rejection of petitioner's inaccurate information claim is not debatable, because petitioner does not point to any inaccurate factual information relied upon by the trial court in imposing sentence; rather, he complains of the court's legal error in interpreting Offense Variable 3. Finally, the Court's rejection of petitioner's *Apprendi* claim is not debatable among reasonable jurists, as every court to have considered the issue has concluded that *Apprendi* does not apply to Michigan's indeterminate sentencing scheme, *see* R&R at 24 (citing cases), a result dictated by the Supreme Court's *Apprendi* line of cases. *See Blakely v. Washington*, 542 U.S. 296, 308-09 (2004) (explaining that while indeterminate sentencing schemes increase judicial discretion, they "do not do so at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty," which is all that *Apprendi* prohibits); *Harris v. United States*, 536 U.S. 545, 557 (2002) (*Apprendi* rule has no application to facts which merely increase the minimum sentence).

C. *Conclusion*

In view of the foregoing, the Court should conclude that the Court's resolution of petitioner's claims is not debatable among reasonable jurists, and that petitioner has therefore failed to make a substantial showing of a denial of his constitutional rights. Accordingly, the Court should deny petitioner's motion for a certificate of appealability.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 12/11/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 11, 2008.

s/Eddrey Butts
Case Manager